KENNETH COSTELLO *vs.* JOSEPH ROSE.

JUNE 18, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

O'CONNELL, J.   This action of trespass on the case for negligence arising out of a collision between two motor vehicles on a public highway was tried in the superior court before a justice thereof sitting with a jury and resulted in a verdict for the plaintiff in the sum of $205.99. Thereafter the defendant's motion for a new trial was denied, and the case is before us on his bill of exceptions to the denial of such motion and to other rulings made during the trial.

The accident is alleged to have occurred about 11:15 p.m. on Taunton avenue near its intersection with John street in the town of East Providence in this state.  The weather was fair, visibility was good, and at that point there was no traffic on the highway other than the two automobiles involved in the collision.   Just prior thereto plaintiff was moving westerly on Taunton avenue coming toward Providence and defendant was traveling easterly on that avenue.

90

On the question of liability, the testimony of plaintiff and defendant, who were the only witnesses, was decidedly conflicting and irreconcilable. The plaintiff testified that the accident happened on *June 13,* 1952; that he was traveling approximately fifteen to twenty miles per hour; and that when he was about two thirds of the way through the intersection of Taunton avenue and John street defendant suddenly and without any warning veered in front of his automobile, striking the left front and side, and then bouncing off and scraping the left rear panel of his door. He testified further that he was on the right side of the double white line which divides the traffic on Taunton avenue; that as he approached John street the traffic signal was green; and that the collision occurred in his lane about ten feet across the dividing line. He also testified that he asked defendant immediately after the collision if he had seen him, and that defendant responded "No."

The defendant's testimony was essentially different from that of the plaintiff. Under the statute, he was first called as a witness for the plaintiff and testified that the accident occurred on *June 20,* 1952. The plaintiff then moved to amend his declaration by changing the date therein. A ruling on such motion was deferred, but after a police officer of East Providence, called by defendant, had presented the police report from which it appeared that the accident had taken place on *June 20,* 1952, plaintiff renewed his motion to amend the declaration by substituting the latter date. This motion was granted and defendant excepted to such ruling.

The defendant's bill contains eight exceptions. However, he has briefed and argued only three and therefore under our well-settled rule the remaining exceptions are deemed to be waived.

The first exception is to the ruling of the trial justice permitting the amendment to the declaration as to the date of the accident. The defendant argues that since plaintiff

testified the accident occurred on June 13 and the amendment recited the date as June 20, there was a fatal variation between the declaration and the proof. He overlooks the fact, however, that defendant himself, called as a witness by plaintiff as stated above, testified that the accident happened on June 20. Therefore, in spite of plaintiff's evident mistake in the date, there was testimony in his case to support the amendment. In any event it is well settled in this state that it is within the sound discretion of the court to amend the pleadings after the case has been opened to the jury. *Sweeney* v. *McKendall,* 32 R. I. 347; *Neves* v. *Nemtzow,* 64 R. I. 395. This exception is overruled.

The defendant's next exception is to the refusal of the trial justice to direct a verdict in his favor. One of the grounds for his motion was the alleged variance between the amended declaration and the proof. This point has already been considered. On such a motion it is the duty of the trial justice to view the evidence in the light most favorable to the plaintiff. Therefore in our opinion the conflicting evidence raised an issue of fact to be decided in the first instance by the jury. This exception is overruled.

The defendant's final exception is to the refusal of the trial justice to grant a new trial. This case presents an unusual aspect. Although he denied the motion and upheld the verdict, in so doing he used the following language: "They were both antagonistic and I do not believe either one of them was telling the whole truth. The jury, of course, listened to two varied stories. There were some points that may have seemed to jibe, so far as the facts were concerned. * * * I didn't understand how they arrived at the conclusion that they did but, naturally, so far as this Court is concerned, the whole thing is one of credibility of the two persons who were, obviously, so far as this Court is concerned, lying about the facts of the

accident itself and, of course, the jurors are the ones to weigh the credibility of the testimony. I don't believe either one of them. They were too mad with each other but the jury evidently believed the Plaintiff and not the Defendant. So far as the bill is concerned, I will allow the verdict to stand as it is and deny the motion for a new trial and note your exception."

In denying the motion for a new trial it might appear, from the way the trial justice expressed doubt as to the credibility of both plaintiff and defendant, that he exercised his independent judgment. However, in our opinion such conclusion is not altogether clear. In the circumstances we feel that we cannot accord to his decision the weight which is usually given to a decision which clearly approves the verdict of the jury. Therefore under the appellate rule we have examined the evidence for ourselves to determine whether it strongly preponderates against such verdict.

From an examination of the record alone we cannot say that either party was deliberately and intentionally misstating the facts. It is true that we find certain discrepancies and inconsistencies, but not to the extent of determining that either party had deliberately falsified his testimony. It may well be that they both testified according to their own best recollections as to how the accident happened.

At any rate the jury saw and heard the witnesses, an opportunity which we do not have, and they have decided the question of credibility in favor of the plaintiff. From our independent examination of the transcript alone we cannot say that the evidence greatly preponderates against the verdict, which therefore should not be disturbed. This exception is overruled.

All of the defendant's exceptions are overruled, and the

case is remitted to the superior court for entry of judgment on the verdict.

*Francis A. Kelleher, Thomas F. Kelleher,* for plaintiff.

*Isidore Kirshenbaum,* for defendant.